IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**KEVIN VALENTION TAYLOR,**

   **Plaintiff,**

**vs.**            **No.: 2:25-cv-02843-MSN-cgc**

**UNITED STATES OF AMERICA and
UNITED STATES PRESIDENT DONALD TRUMP**

   **Defendants.**

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

ORDER DENYING MOTION TO APPOINT COUNSEL

REPORT AND RECOMMENDATION

---

On September 2, 2025, plaintiff Kevin Valention Taylor filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (D.E. # 2 & 3.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350[2]," 28 U.S.C. § 1914(a). To ensure access to the courts,

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[2] $55 administrative filing fee for civil actions, suits or proceedings in the district court. *District Court Filing and Miscellaneous Fee Schedule, December 1, 2023*

however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.   Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit.   A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit.   The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee.   Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

Plaintiff filed his complaint on the form complaint for violation of civil rights under 42 U.S.C. § 1983.   Plaintiff alleges that:

> "I am sueing the united states of America For False imprisonment that a federal district court Judge John T. Fowlkes Jr. for the western district of TN had sentence me to a 120 months Federal bureau of Prisons and united states president Donald trump for the same thing as well sueing from June 3th of 2015 to June 3th 2025"(sic)

The relief sought by Plaintiff is that he "would like to have the complaint grant" (sic)

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)    is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's complaint does not assert any coherent claim against any person or entity under any colorable legal theory.  See, Bell Atlantic Corp. v.

3

Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (Dismissal is appropriate if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face")

If Plaintiff seeks to state a claim under 42 U.S.C. § 1983,[3] he must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). To state a Fourth Amendment false arrest claim, a plaintiff must "prove that the arresting officer lacked probable cause to arrest the plaintiff. An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." Voyticky v. Vill. of Timberlake, 412 F.3d 669, 677 (6th Cir.2005) (internal citation omitted). Indeed, "it has been long settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." Barnes v. Wright, 449 F.3d 709, 716 (6th Cir.2006)). (internal quotation marks omitted).

False imprisonment is the intentional restraint or detention of another without just cause. Newsome v. Thalhimer Bros, Inc. et al, 901 S.W.2d 365, 367 (Tenn. Ct. App. 1994) (emphasis added) A review of the docket for Plaintiff's 2015 case (2:15-cr-20138-JTF) indicates that on May 21, 2015 Plaintiff was indicted in a two count indictment alleging violations of 18 U.S.C. § 922(g)(1) and 922(j). (D.E. # 2) Plaintiff's jury trial began January 19, 2016 (D.E. # 38) and the

---

[3] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

jury found him guilty as to both counts on January 21, 2016 (D.E. # 45) On April 21, 2016, Plaintiff was sentenced to one hundred twenty months custody and thirty-six months supervised release. (D.E. # 54)  Plaintiff filed a notice of appeal on April 22, 2016 (D.E. # 55 and on April 4, 2017 the Sixth Circuit Court of Appeals affirmed the judgment of the district court.  (D.E. # 70) To the extent that Plaintiff was detained it appears from the record that it was with just cause as evidenced by the jury verdict and the opinion of the Sixth Circuit.

Plaintiff has previously attempted to attack his conviction by filing a 42 U.S.C. § 1983 lawsuit.  Plaintiff filed suit against U.S. District Judge John T. Fowlkes with this court as 2:20-cv-2105-SHL-atc.  That case was dismissed in part because the court, citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973), stated that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action, in its entirety, as being frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) as well as for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[4].

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. §

---

[4] Plaintiff filed a motion seeking the appointment of counsel.  Based on the foregoing recommendation, there is not good cause to appoint counsel in this case.  The motion at docket entry 4 is DENIED.

1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one.   Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.


Signed this 4th day of February 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**